UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUDSON BROWN, : | |
| Petitioner : | |
| : | CIVIL CASE NO. |
| v. : | 3:07-cv-1755 (JCH) |
| : | |
| UNITED STATES, : | JANUARY 15, 2008 |
| Respondent. : | |

**RULING ON MOTION TO TRANSFER**
**DEFENDANT'S PRO SE MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 5)**

The petitioner, Judson Brown, filed this habeas corpus action pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The respondent has moved to transfer this petition to the Court of Appeals on the ground that the petition is second or successive within the meaning of 28 U.S.C. § 2244(b)(3)(A). Brown has not filed any opposition to this motion. For the reasons that follow, the respondent's Motion is granted, and this case is transferred to the United States Court of Appeals for the Second Circuit.

**I. BACKGROUND**

On May 1, 2003 a jury returned a guilty verdict against Brown for importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B) and 18 U.S.C. §2 and for attempted possession of cocaine in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(B). See Verdict Form (2-cr-302 Doc. No. 43). The court sentenced Brown on August 20, 2003 to serve 360 months for each count, the sentences to run concurrent to each other, but to run consecutively to Brown's state prison sentence. See Judgment (2-cr-302 Doc. No. 70). Brown appealed his conviction and sentence. The Second Circuit affirmed his conviction but remanded his sentence in light of the

Supreme Court's ruling in United States v. Booker. See Mandate of USCA (2-cv-302 Doc. No. 88)  The court resentenced Brown on November 22, 2005, again sentencing him to 360 months but modifying that sentence so that 240 months of his sentence was to be served concurrently with his state prison sentence.  Brown has appealed that sentence and that appeal remains pending before the Second Circuit.

On December 22, 2005 and January 24, 2006, Brown filed identical habeas petitions under two different case numbers.  See 5-cv-1962 (Doc. Nos. 1 and 7).  The court consolidated the two case numbers and denied both petitions on October 24, 2006.  See Ruling, 5-cv-1962 (Doc. No. 18).  Brown filed an identical 2255 petition on August 9, 2007.  See 7-cv-1219 (Doc. No. 1).  The court transferred that petition on October 12, 2007.  See 7-cv-1219 (Doc. No. 4)  Brown has again filed an identical habeas petition in the instant case, along with a Motion to Appoint Counsel.  See Doc. Nos. 1 and 6.

**II.     DISCUSSION**

In 1996, section 2244 of title 28 of the United States Code was amended to provide, in relevant part, that a petitioner must seek permission from the court of appeals before filing a second or successive habeas petition in the district court.  See 28 U.S.C. § 2244(b)(3)(A).  The section was also amended to provide that a claim presented in a second or successive habeas corpus petition that was not presented in a prior petition shall be dismissed unless certain requirements are met.  See 28 U.S.C. § 2244(b)(2).  This amendment has transferred to the court of appeals the screening

function formerly performed by the district courts, under the doctrine of abuse of the writ.  See Felker v. Turpin, 518 U.S. 651, 664 (1996).

Because Brown's first federal habeas petition was denied on the merits, this petition is a second or successive petition within the meaning of section 2244.  Brown neither alleges in his petition nor attaches evidence that he has obtained permission from the Second Circuit to file this petition.  Under this circumstance, the Second Circuit has held that the district court "should transfer the petition . . . to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631."  Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996).  Thus, the respondent's Motion to Transfer is granted, and this case is transferred to the Second Circuit, in the interest of justice pursuant to 28 U.S.C. § 1631, to enable that court to determine whether the petitioner may file a successive petition.

### III.　CONCLUSION

The respondent's Motion to Transfer Petition to the U.S. Court of Appeals (Doc. No. 5) is **GRANTED**.  In accordance with the requirements of 28 U.S.C. §2244(b)(3)(A) and in the interest of justice pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition should be considered by the district court.  The petitioner's Motion to Appoint Counsel (Doc. No. 6) is **DENIED**.  The court further orders that any future petitions filed by Brown pursuant to section 2255 should be filed with United States Court of Appeals for the Second Circuit

in the first instance.

**SO ORDERED.**

Dated this 15th day of January, 2008, at Bridgeport, Connecticut.

                                /s/ Janet C. Hall
                                Janet C. Hall
                                United States District Judge